## KAY TODD AND OTHERS v. C. F. HJERMSTAD AND OTHERS.[1]

December 18, 1931.

No. 28,656.

*Todd, Fosnes & Green* and *R. H. DeLambert,* for appellants.

*Thomas Mohn* and *Horace W. Mohn,* pro se and for C. F. Hjermstad as receiver, respondents.

PER CURIAM.

Todd, Fosnes & Green appeal from an order of the district court fixing the amount of their fees as attorneys for the receivers of the Goodhue County Co-operative Company.

Thomas Mohn and Horace W. Mohn were employed as attorneys for the receivers in the first instance. Later the firm of Todd, Fosnes & Green was employed and thereafter acted jointly with the Mohns. An order was made by the court on February 25, 1930, fixing the total amount of attorneys' fees allowed to all the attorneys in one lump sum, leaving the division thereof between appellants and the Mohns, to be determined by themselves. An allowance of expenses was made to each set of attorneys separately. Certain overpayments had been made by the receivers to the attorneys which the receivers were ordered to collect back. No appeal was

[1]Reported in 240 N. W. 110.

taken from this order. The two sets of attorneys were unable to agree upon the division of the fees or upon the amount to be repaid to the receivers by each of them. Thereafter, on application of one of the receivers and the Mohns, the court ordered all of the attorneys to appear and show cause why the court should not fix and determine the separate amount of attorneys' fees to be allowed to Todd, Fosnes & Green and to the Mohns out of the total before allowed so as to divide the fees between them. The attorneys were notified and appeared. Appellants asked for and were granted several continuances but finally decided not to appear at the last hearing. The evidence taken at the hearing resulting in the order of February 25, 1930, was reintroduced. The court thereupon, on April 27, 1931, made the order now appealed from, determining what portion of the attorneys' fees allowed in a lump sum on February 25, 1930, should go to appellants and what portion thereof should go to the Mohns. Appellants thereafter moved for some amendments of the order of April 27, 1931, which were in part granted but are not here important.

Appellants ask to have the order of April 27, 1931, set aside on the ground that the district court had no power or jurisdiction to make the order. That the receivership proceeding had not terminated and that the court had jurisdiction in and over that proceeding is conceded. In the argument appellants also admitted that the court would have had power and jurisdiction to amend its order of February 25. It is equally clear that the court could have included in its order of February 25 the provisions made in the order appealed from. While not expressly made as an amendment to the prior order, the order appealed from is in effect only an amendment or addition to the prior order. It is an order which the court had power and jurisdiction to make as part of its order on February 25, 1930, or afterwards as an amendment or addition thereto, so long as the receivership proceeding was pending in that court.

Appellants had due notice and ample opportunity to present evidence and contest the granting of the order appealed from, and do not question the order on the ground of lack of notice or oppor-

46

tunity to be heard. In that situation, we find no ground for holding that the court had no power or jurisdiction to make the order.

That the court having jurisdiction and control of a receivership proceeding has the power to fix the fees of receivers and attorneys employed therein is not a debatable question.

Order affirmed.